IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM B. DOCKSER,<br>8906 Clewerwall Drive,<br>Bethesda, Maryland 20817,<br><br>H. WILLIAM WILLOUGHBY,<br>17647 Edwards Shop Road,<br>Elkwood, Virginia 22718,<br><br>C.R.I. INC.,<br>11200 Rockville Pike,<br>Rockville, Maryland 20852,<br><br>      Petitioners,<br><br>*vs.*<br><br>MARTIN C. SCHWARTZBERG,<br>300 SE 5th Ave, #2100<br>Boca Raton, Florida 33432<br><br>      Respondent. | Case No. _____ |

**PETITION TO CONFIRM A FINAL ARBITRATION AWARD**

Petitioners William B. Dockers, H. William Willoughby and C.R.I., Inc. (collectively "petitioners"), hereby move this Court to confirm the arbitration award dated January 30, 2006 entered in *Schwartzberg v. C.R.I., Inc., et al.*, AAA No. 16 180 Y 00631 03, and state as follows:

1. This Court has jurisdiction of this proceeding pursuant the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (West 2006), and 28 U.S.C § 1332. There is complete diversity between the parties and the matter in controversy exceeds $75,000, exclusive of interest and costs. The written provision to settle by arbitration the issues between the parties is contained in "a contract evidencing a transaction involving commerce." 9 U.S.C. § 2. The parties agreed in their arbitration agreement that this Court is the appropriate Court for this petition. The rules of

the American Arbitration Association ("AAA"), which presided over the arbitration, further provide that "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." AAA *Commercial Arbitration Rules* Rule R-48(c).

2. Venue is proper in this district because, in the arbitration agreement between the parties, they agreed that a final arbitration award may be enforced in any federal court located where the arbitration was held, which is Washington, D.C. here. *See* 28 U.S.C. § 1391(a)(3) and 9 U.S.C. § 9.

3. Petitioner William B. Dockser is an individual residing in the state of Maryland.

4. Petitioner H. William Willoughby is an individual residing in the Commonwealth of Virginia.

5. Petitioner C.R.I., Inc. is a Delaware corporation with its principal place of business in the state of Maryland.

6. Respondent Martin C. Schwartzberg is an individual residing in the state of Florida.

7. The underlying arbitration proceeding arises out of a certain "Definitive Settlement Agreement" ("DSA"), entered into between the petitioners and the respondent on March 25, 1998, which resolved and settled years of litigation between petitioners and the respondent in several different *fora*, as well as numerous disputes arising from their 20-year business relationship. A true and complete copy of the DSA is annexed to this Petition as Exhibit A.

8.   Section 9.2(a) of the DSA contains an arbitration clause, which provides that: "[i]n the event that Schwartzberg claims that there has been a CDW Default, the dispute shall be resolved by arbitration in accordance with Section 11.7."

9.   Section 11.7 of the DSA provides that: "[w]ith respect to any dispute or matter subject to arbitration under Article Nine hereof, such arbitration shall be conducted by, and pursuant to the rules of, the American Arbitration Association. All arbitration proceedings shall take place in Washington, D.C."

10.   On or about October 15, 2003, Schwartzberg filed a Complaint with the American Arbitration Association ("AAA") demanding arbitration of a dispute with the petitioners. Schwartzberg alleged that the petitioners breached the DSA by paying Schwartzberg a share of the "residuals" (monies received primarily from the sale or refinancing of various real estate projects) from just a limited number of entities affiliated with CRI, rather than paying residuals from all of the CRI-affiliated entities. Schwartzberg also alleged that the petitioners failed to pay him his share of a disposition fee related to a transaction involving a real estate project known as Fontaine Towers. Schwartzberg requested that the AAA award him damages and issue a declaration that he was entitled to share in the residuals from all future transactions involving any CRI-affiliated entity. A true and complete copy of the Demand for Arbitration is annexed to this Petition as Exhibit B.

11.   The dispute was thereafter heard by a distinguished panel of three arbitrators: Brian C. Parker of Parker, Dumler & Kiely LLP; Allen E. Hirschmann of Allen E. Hirschmann, P.C. and John Depray Muir of Ruddy & Muir, LLP ("the Panel").

12.     On January 30, 2006, the Panel issued a Final Award in which it ruled in favor of the Petitioners. A true and complete copy of the Final Award, dated January 30, 2006, is annexed to this Petition as Exhibit C.

13.     In the Final Award, the Panel rejected the contention of Schwartzberg that he was entitled to residuals from all of the CRI-affiliated entities. The Panel instead held that "the DSA unambiguously provides that Schwartzberg is only entitled to residuals from the CRI signatories, being those entities set forth on Exhibit D-3 of the CRI Security Agreement, but not including CRICO Securities Corporation." *See* Exhibit C at 5. The Panel further held that, "even if the DSA were ambiguous, based upon the extrinsic evidence presented during this arbitration hearing, including, but not limited to, the negotiations by the parties during the Himmelman Arbitration, the intent of the parties was that the term 'CRI Residuals' would refer only to residuals payable to the CRI Signatories." *See* Exhibit C at 5.

14.     The Panel also rejected respondent Schwartzberg's contention that he was due a disposition fee from Fontaine Towers:

> The Arbitrators find that the subject fee was not a "Disposition Fee" paid incident to a sale, refinancing, or disposition of the Fontaine Towers project. The Arbitrators find that the fee was a consulting fee charged by CRI for services that allowed the partnership that owned the Fontaine Towers project to release accumulated reserves that had been generated from the excess cash flow from the property. These fees resulted from CRI's buy-out of Fontaine Towers' former general partner, who would otherwise have been entitled to such fees. Accordingly, the Arbitrators find that Claimant is not entitled to a share of the fee from the Fontaine Towers.

*See* Exhibit C at 7.

15.     This Petition is timely because it is made within one year of the date of the Final Award.

W283213.2

16. The Final Award has not been vacated, modified, or corrected since its entry by the Panel on January 30, 2006.

17. Confirmation should be awarded forthwith because the parties also agreed that any arbitration "shall be final and binding upon the parties and not subject to any appeals." *See* Exhibit A at § 9.2(a).

**WHEREFORE** Petitioners William B. Dockers, H. William Willoughby and C.R.I., Inc. petition that this Court enter an order confirming the Final Award and entering judgment against Martin C. Schwartzberg in accordance with the terms of the Final Order of the Arbitration Panel on January 30, 2006, in *Schwartzberg v. C.R.I., Inc., et al.*, AAA No. 16 180 Y 00631 03, with such order being incorporated by reference and being made a part of the judgment of this Court.

Dated: June 6, 2006

Respectfully submitted,

_____
Leslie Paul Machado (Bar No. 472395)
NIXON PEABODY LLP
401 Ninth Street, N.W., Suite 900
Washington, D.C. 20004-2128
Phone: 202-585-8322
Fax:    202-585-8080

Of Counsel:
Deborah L. Thaxter, Esq.
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts  02110-2131
(617) 345-1000 (phone)
(617) 345-1300 (facsimile)

*Counsel for Petitioners*

W283213.2